UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY HOUSE, ET AL.,, <br><br> Plaintiffs, <br><br> v. <br><br> PAUL SANDERS MOLLER, ET AL., <br><br> Defendants. | No.  2:09-cv-02796 TLN DAD (BK) <br><br><br> **ORDER** |

This matter is before the court on Plaintiffs Gregory and Jennifer House's ("Plaintiffs") Motion to Modify the Pretrial Scheduling order.[1]  (See Mot. to Modify Pretrial Scheduling Order, ECF 71.)  For the reasons set forth below, Plaintiffs' motions is DENIED.[2]

Plaintiffs note that prior to reassignment of this matter to the undersigned, the Honorable Chief Judge Morrison England continued the trial in this matter from April 2013 to January 2014. Plaintiffs therefore argue that "[b]ecause of the passage of so much time between potential trial dates, plaintiffs now wish to bring a motion for summary adjudication of certain causes of action in this case." (ECF 71 at 2:4-5.)  Plaintiffs therefore "request a modification to the schedule to

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

[2] The court notes that Defendants in this case filed neither an opposition nor a statement of non-opposition to the motion.  On August 23, 2013, the court issued an Order to Show Cause for failure to adhere to the local rules by not responding to Plaintiff's motion in any fashion.  (ECF 75.)  Defendants never responded to the order and were therefore sanctioned.  (ECF 76.)

1

permit filing dispositive motions, which the [c]ourt has the authority to order pursuant to Fed. Rules Civ. Pro. 16(b)(4)." (ECF 71 at 2:4-9.) Plaintiffs also cite reassignment of this matter to the undersigned as an additional basis for modifying the scheduling order. "[P]laintiffs would like the opportunity to confirm that the scheduling order issued by Chief Judge England . . . is still appropriate." (ECF 71 at 212-13.)

Pursuant to Federal Rule of Civil Procedure Rule 16(b), a pretrial order "shall not be modified except upon a showing of good cause." The court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16, advisory committee's notes (1983 amendment)). The "good cause" standard primarily focuses upon the diligence of the party requesting the amendment. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

Here, the court finds that Plaintiffs have not been diligent in seeking to modify the pretrial scheduling order. Indeed, Plaintiffs concede that this case was originally filed in state court in 2007, six years ago, and arrived at this court in 2009, three years ago. Plaintiffs also concede that the time for filing dispositive motions closed in January, 2011. (ECF 71 at 31:28-3:1.) Plaintiffs had almost two years to seek to modify the scheduling order to allow for filing of dispositive motions. As such, the court finds that Plaintiffs have not shown good cause for modifying the pretrial scheduling order under Rule 16(b). The scheduling order issued by Chief Judge England remains in effect. Plaintiffs' motion is hereby DENIED.

Dated: September 11, 2013

Troy L. Nunley
United States District Judge