UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gregory House, et al, | No. 2:09-cv-02796-TLN-DAD |
| Plaintiffs, | |
| v. | **ORDER TO SHOW CAUSE** |
| Paul Moller et al, | |
| Defendants. | |

This Court held a Final Pretrial Conference on April 10, 2014. Plaintiffs Gregory and Jennifer House's ("Plaintiffs") counsel Robert Black was present. Defendants Paul and Rosa Moller's ("Moller Defendants") counsel Peter E. Glick was present, as well as Defendants Edward and Dana Foss's ("Foss Defendants") counsel Daniel Raff. During the hearing, Moller Defendants raised arguments as to this Court's jurisdiction.

This case was originally filed in Solano County Superior Court. However, due to Moller Defendants' subsequent bankruptcy proceeding in federal court, the Superior Court stayed the case one week before trial was to start.[1] Foss Defendants filed a motion to withdraw the subject property from Moller Defendant's bankruptcy proceeding.[2] (ECF No. 1.) Pursuant to Foss

---

[1] *See* 28 U.S.C. § 1334 (Federal Courts have exclusive jurisdiction over Chapter 11 bankruptcy proceedings); *see also Gonzales v. Parks*, 830 F.2d 1033, 1035–36 (9th Cir. 1987) ("Congress' grant to the federal courts of exclusive jurisdiction over bankruptcy petitions precludes collateral attacks on such petitions in state courts.")

[2] Pursuant to 28 U.S.C. § 157(d), a "district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the

1

1  Defendants' motion, this matter came before the district court.  (Order, ECF No. 2.)
2       Since the withdrawal, a final decree was issued on Moller Defendants' bankruptcy in March, 2013.  *See In re: Paul Sandner Moller & Rosa Maria Moler*, No. 09-29936 (ECF No. 558).  Although, this does not divest this Court of jurisdiction to hear this case, it requires the Court to consider judicial economy, convenience, fairness, and comity in determining whether it should exercise its jurisdiction over the state claims presented.  *Carraher v. Morgan Elecs., Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir. 1992).  Due to the nature of this action which is entirely based on state law and the fact that many of the litigation materials are still with the presiding judge at the Solano Superior Court, this Court is considering remanding this case.  As such, the Court hereby orders the parties to submit briefing consisting of no more than ten pages to the Court within seven (7) days of the filing of this order addressing whether remand is appropriate.

    IT IS SO ORDERED.

Dated: April 11, 2014

                                    _____
                                    Troy L. Nunley
                                    United States District Judge

---

United States regulating organizations or activities affecting interstate commerce."