UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gregory House, et al, | No. 2:09-cv-02796-TLN-DAD |
| Plaintiffs, | |
| v. | **ORDER REMANDING CASE** |
| Paul Moller et al, | |
| Defendants. | |

On April 11, 2014, this Court ordered the parties to file briefing concerning whether this case should be remanded. (*See* Order to Show Cause, ECF No. 97.) Defendants Paul and Rosa Moller ("Moller Defendants") and Defendants Edward and Dana Foss ("Foss Defendants") jointly filed a brief in favor of remand.[1] (ECF No. 99.) Plaintiffs Gregory and Jennifer House have filed a brief opposing remand. (ECF No. 100.) For the reasons stated below, this matter is hereby REMANDED.

**I.     FACTUAL BACKGROUND**

This case was originally filed by Plaintiffs in Solano County Superior Court. However, due to Moller Defendants' bankruptcy proceeding, the Superior Court stayed the case one week before trial was to start. Foss Defendants filed a motion to withdraw the subject property from Moller

---

[1] Where the Court refers to "Defendants," such denotation shall be understood to represent both the Moller Defendants and Foss Defendants and will be used to reference arguments made by all defendants in their jointly filed brief.

1

Defendants' bankruptcy proceeding. (ECF No. 1.) Pursuant to Foss Defendants' motion, this matter came before the district court. (Order, ECF No. 2.) Since the withdrawal, a final decree was issued on Moller Defendants' bankruptcy in March 2013. At the Final Pretrial Conference, Defendants expressed concerns as to this Court's jurisdiction, in light of the conclusion as to Moller Defendants' bankruptcy. In response, the Court issued an Order to Show Cause. (ECF No. 97.)

**II.    LEGAL STANDARD**

Both the Ninth Circuit and the Bankruptcy Appellate Panel for the Ninth Circuit have held that bankruptcy courts are not automatically divested of jurisdiction over related cases when the underlying bankruptcy case has been dismissed. *Carraher v. Morgan Elecs., Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir. 1992); *In re Casamont Investors, Ltd.*, 196 B.R. 517, 525 (B.A.P. 9th Cir. 1996). Instead, courts are afforded discretion to "determine whether to retain jurisdiction over adversary proceedings when the underlying bankruptcy case is dismissed and may do so 'when judicial economy, convenience, fairness and comity favor retention.'" *In re Sanders*, No. BAP CC-12-1398, 2013 WL 1490971, at *9 (B.A.P. 9th Cir. Apr. 11, 2013) (quoting *In re Casamont Investors, Ltd.*, 196 B.R. at 522, 525). This analysis is akin to the analysis used to determine if a district court should exercise jurisdiction over pendent state claims upon dismissal of all federal claims. *In re Carraher*, 971 F.2d at 328.

**III.   ANALYSIS**

The Court addresses each factor separately.

   A.   Judicial Economy

Defendants contend that because the majority of pretrial litigation has been commenced in the state court and the matters before this Court are entirely based on state law claims, judicial economy weighs in favor of remand. In contrast Plaintiffs assert that due to the late stage of litigation judicial economy weighs in favor of retaining jurisdiction.

The Bankruptcy Appellate Panel for the Ninth Circuit has held that judicial economy does not favor retention where the court has no special knowledge regarding the disputes and has committed few judicial resources prior to the close of the bankruptcy case. *In re Casamont*

*Investors, Ltd.*, 196 B.R. at 523. Although the case at issue has been pending before the district court since 2009, the Court notes that the majority of motions before it have all concerned scheduling issues. In fact, Defendants have asserted, and Plaintiffs have not denied, that most of the pretrial litigation has occurred in State Court including, but not limited to: demurrers and pleading motions, discovery disputes, expert witness demands, motions to consolidate, motions concerning order of trial, and motions for leave to file a cross-complaint. In addition, the Solano County Superior Court has conducted in camera review of a number of documents that are still in its possession and is still exerting jurisdiction over this case.

These factors weigh in favor of remand and also distinguish the situation at hand from the case law offered by Plaintiff. *See Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc., (hereinafter"Desert Valley")*, No. 02-15152, 2003 U.S. App. LEXIS 12634, at *7 (9th Cir. June 23, 2003). In *Desert Valley*, the Ninth Circuit found that the district court had abused its discretion in remanding a case where

> [t]he district court permitted Trustees to amend their complaint to add the state law claim and then managed the case through another year of discovery, bringing the case into its third year. The court then granted partial summary judgment on the state claim, only to dismiss the case seven days before trial. Dismissing the case after such a long delay and after the parties were essentially done with trial preparation was neither fair to the parties nor an efficient use of judicial resources.

*Desert Valley*, 2003 U.S. App. LEXIS 12634, at *6–7. In contrast, here, all of the pretrial litigation was completed in the state court where the action is still pending.[2] In addition, at the final pretrial conference, the parties asked this Court to adhere to previous state court orders in effecting the federal trial. This combined with the fact that the case deals entirely with matters of state law results in this factor weighing in favor of remanding this case.

### B. Convenience

In determining whether this factor weighs in favor of remand, courts have considered whether a plaintiff may still pursue their claim in state court. In the instant case, because the Solano

---

[2] Defendants state that the instant action is still pending before the Solano County Superior Court and further contend that the Solano court is actively exerting its jurisdiction over this matter. Plaintiffs have not disputed this fact in their brief.

County Superior Court is still in possession of many of the documents needed for trial, remanding this action would not inconvenience the parties. Moreover, the parties in this matter are all residents of Solano County and have regularly appeared in the state court since Moller Defendants' bankruptcy. By Plaintiffs' own admissions, the distance traveled to state court versus federal court is the same and thus one location is not seen as more convenient than the other. (ECF No. 100 at 6.) Furthermore, the Court has been informed that the parties currently have a pending motion concerning this case before the state court.[3] As such, the Court finds that this factor also weighs in favor of remand.

### C. Fairness

In analyzing the fairness of a motion to remand, courts have typically considered the status of the litigation and the effect that remanding the action will have on the parties. *See In re Casamont Investors, Ltd.*, 196 B.R. at 524. For example, *In Carraher*, the Ninth Circuit noted that, given the advanced state of litigation, it would be unfair to compel the parties to start over again in state court. 971 F.2d at 328. The same concerns were expressed by the Third Circuit in *In re Smith*, 866 F.2d 576, 580 (3d Cir. 1989) and the Eleventh Circuit in *In re Morris*, 950 F.2d 1531, 1535 (11th Cir. 1992). Here, the parties have informed the Court that the matter is currently stayed in Solano County Superior Court. Therefore, because this case is ready to be tried before the State Court, the parties are unlikely to be prejudiced by remanding this case. *See Matter of Querner*, 7 F.3d 1199, 1202 (5th Cir. 1993) (holding that fairness was not an issue where there was no evidence that remand would have resulted in undue delay). Thus, according to the arguments presented by the parties, this factor is at best neutral because both courts stand in roughly the same posture. Moreover, as discussed at the Final Pretrial Conference, although this case is currently set for trial on June 16, 2014, it is likely that the case may be postponed or possibly reset if the criminal trial that precedes this trial does not conclude on time. Accordingly, the Court finds that there is no evidence of undue delay and thus this factor is neutral.

///

---

[3] It is not clear the exact subject matter of the pending motion. However, the parties intimated during the Final Pretrial Conference that the matters before the state court involve substantive issues pertaining to a settlement agreement between Defendants and its applicability to this case.

D. <u>Comity</u>

Finally, the factor of comity weighs in favor of remanding this case. Plaintiffs' claims are all based on California state law. "'Needless decisions of state law by federal courts should be avoided as a matter of comity and in order to procure for the litigants "a surer-footed reading of applicable law."'" *In re Casamont Investors, Ltd.*, 196 B.R. at 524 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).[4]

**IV. CONCLUSION**

Based on the reasons stated above, the Court hereby REMANDS this case. Although, the Court is sympathetic to Plaintiffs' delay in being able to adjudicate this cause of action due to the nature of this action which is entirely based on state law and the above mentioned factors, this Court finds that the factors weigh in favor of remanding this case.

IT IS SO ORDERED.

Dated: April 24, 2014

_____
Troy L. Nunley
United States District Judge

---

[4] Plaintiffs present arguments asserting that remand may result in Defendants bringing a motion to dismiss in Superior Court pursuant to Cal. Civ. Proc. Code §583.310 because this case has not gone to trial within five years of its filing date. (ECF No. 100 at 8.) The Court notes that the Solano County Superior Court case was stayed pursuant to the district court's original and exclusive jurisdiction of all cases under title 11. *See* 28 U.S.C.A §1334(a). The Court further notes that Cal. Civ. Proc. Code §§ 583.340–583.350 allows for the five-year period within which an action must be brought to trial to toll time where: (a) the jurisdiction of the court to try the action was suspended; (b) prosecution or trial of the action was stayed or enjoined; or (c) bringing the action to trial, for any other reason, was impossible, impracticable, or futile.

5